IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PHILLIP MATHEW WILLIE, JR., # 446516**          **PETITIONER**

**VERSUS**          **CIVIL ACTION NO. 5:15cv94-DCB-MTP**

**STATE OF MISSISSIPPI**          **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner Phillip Mathew Willie, Jr.'s Petition for Writ of Mandamus [1]. He is incarcerated with the Louisiana Department of Public Safety and Corrections, and he challenges a detainer lodged by the State of Mississippi, for a pending charge of violation of post-release supervision. Petitioner asks this Court to order the Circuit Court of Pike County, Mississippi to hold a revocation hearing and to "resolve the [d]etainer." (Pet. at 8). The Court has considered and liberally construed the pleadings. As set forth below, this case should be dismissed.

## BACKGROUND

On September 28, 2015, Petitioner filed the instant action. He alleges that in 2009 he was convicted in the Circuit Court of Pike County, Mississippi for uttering a forgery. For this he was sentenced to serve ten years imprisonment, with seven suspended, followed by five years of post-release supervision. Subsequent to his release, he was convicted by the State of Louisiana. He is currently housed at the Rayburn Correctional Center in Angie, Louisiana, where he is serving ten years on that conviction.

The State of Mississippi lodged an arrest warrant and detainer against Petitioner with the Louisiana Department of Public Safety and Corrections. The detainer was filed on June 28,

2012, charging him with violating the terms of his post-release supervision by leaving the State of Mississippi.  Petitioner claims to have twice moved the Pike County Circuit Court to accept his guilty plea to the violation, *in absentia*, on the condition that he be sentenced to serve his probation revocation sentence concurrently to the Louisiana sentence.  The Mississippi State court denied the motions on December 15, 2014, and June 22, 2015.

Before this Court, Petitioner complains the State of Mississippi is violating his right to a speedy trial under the Sixth Amendment and under State law.  He further claims that the detainer keeps him from participating in prison programs in Louisiana, being considered for trusty status, and having his custody level reduced.  Petitioner specifically requests a writ of mandamus against the Circuit Court of Pike County, directing it to hold a revocation hearing on his pending charge of violating his post-release supervision.

## DISCUSSION

The federal mandamus statute only grants powers over federal officers.  28 U.S.C. § 1361.  This Court "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Petitioner presents his claims as a Petition for Mandamus and asks the Court to direct the State trial judge in the performance of his duty to preside over criminal matters.  The Court therefore finds that it lacks jurisdiction to provide the mandamus relief requested.

Of course, a "court may liberally construe a pro se petitioner's pleading and treat it as a habeas corpus petition, where appropriate."  *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (construing petition for mandamus as a § 2241 habeas petition).  To the extent that Petitioner

seeks relief from an interstate detainer on speedy trial grounds, he may be seeking pretrial habeas relief, pursuant to 28 U.S.C. § 2241.  *See*, *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488 (1973).

Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489.  An exception is drawn based on the type of relief sought by the petitioner.  *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976).  The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a speedy trial defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283).  Generally, the Court is without authority to abort the State criminal trial.  *Dickerson*, 816 F.2d at 226.  On the other hand, a federal court "may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Petitioner does not request that the post-release violation charge be dismissed.  Rather, he seeks an adjudication on that charge.  However, Petitioner can bring a federal habeas claim only if he has exhausted the claim in State court.  *Dickerson*, 816 F.2d at 228.  This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  According to the Fifth Circuit Court of Appeals:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise

> of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. In order to exhaust his speedy trial claim, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). *See*, *D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981). Petitioner does not claim to have sought relief from the Mississippi Supreme Court. Rather, the only attempts at exhaustion are confined to the trial court. Therefore, it is clear that he has not yet exhausted this claim.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the foregoing reasons, the Petition for Mandamus [1] is dismissed with prejudice to the extent it seeks mandamus relief. To the extent the Petition seeks habeas relief, it is dismissed without prejudice. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 30th day of September, 2015.

    s/David Bramlette
UNITED STATES DISTRICT JUDGE